MC. and S. REALTY, INC. *vs.* CITY COUNCIL OF THE CITY OF CRANSTON.

JULY 23, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

180

ANDREWS, J. This is a petition for certiorari directed to the city council of the city of Cranston for the purpose of bringing before us for review and reversal its denial of the petitioner's application for permission to build a gasoline service station on its land located at the southwest corner of Park avenue and Community Drive and designated as lots Nos. 58 and 59 on assessor's plat No. 4, section 5.

The application was originally filed with the inspector of buildings of said city who referred it to the committee on building of the city council in accordance with the building ordinance. The pertinent part of such ordinance, sec. 94.2 (h), reads as follows: "Every application for the use, erection, addition to or alteration of any building * * * for a gasoline or other motor fuel filling station or public garage shall, upon the filing of the same in the office of the Inspector of Buildings, be referred to the Committee on Building of the City Council and the definite location thereof first approved by said Committee on Building of the City Council, said Committee may impose such conditions as it may deem best to preserve the health and physical comfort of the portion of the public residing or being about or near such location, or the public generally * * * ."

Public laws 1929, chapter 1455, section 1, provides in part: "No person shall hereafter erect any structure or structures or part or parts thereof within the limits of the city of Cranston to be used for the sale of petroleum, kero-

sene, gasoline or coal oil, or their products, compounds or components unless a permit therefor shall be first obtained from the city council of said city and the definite location thereof shall be first approved by said city council."

The committee denied the application whereupon the petitioner claimed an appeal to the city council as provided by the ordinance. No evidence was offered or taken before the council although it appears from the record furnished us by the council that the committee transmitted to it the application, pictures of the proposed station, a long list of remonstrants and a copy of the opinion of the city solicitor to the effect that if it based its decision on good and sufficient reasons for the safety and physical comfort of the people in the vicinity it could deny the permit. The council denied the application but gave no reasons for its action.

The zoning ordinance permits the erection of a gasoline station on the proposed location. The application and the pictures show that the petitioner proposed to erect a modern concrete gasoline station located on a corner lot and set back a substantial distance from the two streets and from the rear lot. The record discloses no lawful reason why the council should not have reversed the action of its building committee, fixed a definite location for the station, and then, in accordance with the provisions of the ordinance, have granted the permit with such conditions as it deemed best designed to preserve the health and physical comfort of that portion of the public residing near such location or of the public generally.

In *Tillotson* v. *City Council*, 61 R. I. 293, this court had before it a petition for a writ of certiorari to review the action of the city council of the city of Cranston denying a permit for the erection of a gasoline station. Without stating any reason for so doing the council denied the application. At page 295 of that opinion we stated: "The petitioner is entitled to the beneficial use of her land for any lawful purpose, subject to reasonable regulation by the

city in the exercise of the police power. But such regulation, if it is to withstand possible attack on the ground of unconstitutionality, must be in accordance with some proper rule or standard, which must be applied alike to all persons similarly situated." The petitioner in the instant case is in an analogous position. We therefore conclude that the action of the council in denying the application was arbitrary and without any lawful reason to support it.

The petition for certiorari is granted, and the vote of the city council approving the decision of the committee on building of the city council is quashed. The record as thus quashed will leave petitioner's application pending before the city council to be considered by it *de novo* in accordance with this opinion.

FLYNN, C. J., did not participate in the decision.

*Francis Castrovillari, Anthony A. Giannini,* for petitioner.

*Joseph V. Cavanagh,* City Solicitor, *James Di Prete, Jr.,* Ass't City Solicitor, for respondent.