## MC. AND S. REALTY, INC. *vs.* CITY COUNCIL OF THE CITY OF CRANSTON.

JULY 15, 1958.

PRESENT: Condon, C. J., Roberts, Andrews, Paolino and Powers, JJ.

PAOLINO, J. This is a petition for a writ of certiorari to review the action of the city council of the city of Cranston denying the petitioner's application for a permit to build a gasoline service station on its land located at the southwest corner of Park avenue and Community Drive and otherwise described as lots Nos. 58 and 59 on assessor's plat No. 4, section 5.

It appears from the record certified here that petitioner filed an application for such permit with the inspector of buildings of said city who referred it to the committee on building of the city council in accordance with the provisions of section 94, subsecs. (h) and (i) of the building ordinance enacted in pursuance of public laws 1929, chap. 1455, and P. L. 1946, chap. 1685.

The pertinent provisions of P. L. 1929, chap. 1455, are as follows:

> "Section 1. * * * No person shall hereafter erect any structure or structures or part or parts thereof within the limits of the city of Cranston to be used for the sale of petroleum, kerosene, gasoline or coal oil, or their products, compounds or components unless a permit therefor shall be first obtained from the city council of said city and the definite location thereof shall be first approved by said city council.

> Sec. 2. In granting such permits said city council from time to time may impose such conditions as it may deem best to preserve the safety and physical comfort of that portion of the people residing or being about or near the location thereof, or the people generally."

Under the provisions of P. L. 1946, chap. 1685, the city council is vested with authority to delegate its power with respect to permits for gasoline filling stations to such committee of the city council as it shall by ordinance prescribe. The pertinent provisions of sec. 94.2 (h) of the building ordinance, as amended April 23, 1946, are as follows:

> "Every application for the use, erection, addition to or alteration of any building * * * for a gasoline or other motor fuel filling station or public garage shall, upon the filing of the same in the office of the Inspector of Buildings, be referred to the Committee on Building of the City Council and the definite location thereof first approved by said Committee on Building of the City Council, said Committee may impose such conditions as it may deem best to preserve the health and physical comfort of the portion of the public residing or being about or near such location or the public generally * * * ."

After notice of the application and of the proposed hearing was duly published, a public hearing was held before the committee on building at which petitioner and those objecting to the permit were heard. Thereafter such committee denied the application, whereupon petitioner claimed an appeal to the city council in accordance with the ordinance. After hearing the appeal, the city council voted to uphold the decision of the committee on building and denied the application without giving any reasons for its decision.

The petitioner thereupon applied to this court for a writ of certiorari, which was granted on the ground that the action of the city council in denying the application was arbitrary and without any lawful reason to support it. The

vote of the council approving the decision of the committee on building of the city council was quashed, and the record as thus quashed left petitioner's application pending before the city council to be considered by it *de novo*. *MC. and S. Realty, Inc.* v. *City Council*, 86 R. I. 179, 133 A.2d 765.

In accordance with the foregoing opinion and after due notice, another hearing was held before the city council. The petitioner and numerous remonstrants testified and a stenographic record of the hearing was taken. About a month thereafter the city council passed a resolution denying the application for the following reasons:

> "The erection and location of a gasoline and service station on said lots would be inconsistent with the safety and physical comfort of the people in the vicinity of said location. The Council is cognizant of the fact that there are three schools in close proximity to said location, viz., the Cranston Jewish Center Hebrew School, located on adjacent property; Chester Barrows School, located several blocks away; and Parkview Junior High School located on the same side of Park Avenue with the proposed location and only a short distance away. The traffic hazard which attends a gasoline station and particularly the traffic across the sidewalk used by school children would, in the opinion of the Council, be contrary to the safety of children who must necessarily traverse the sidewalks and highway in that vicinity * * * ."

The petitioner thereupon filed the instant petition in which it is alleged in substance that the city council exceeded its jurisdiction in refusing to grant the permit. On the other hand respondent contends that the city council is vested with authority under P. L. 1929, chap. 1455, and the pertinent ordinance to grant or deny, in its discretion, such permit for the building of a gasoline station.

We agree with respondent's contention that gasoline filling stations in general are subject to municipal police reg-

ulations with respect to their location, construction, maintenance and operation where such regulations are reasonably related to the public safety, health or welfare. However, in the exercise of such police power the city of Cranston has enacted a zoning ordinance which permits the erection of a gasoline station on the proposed location. The lots in question are located in an area which is zoned for business purposes which include a gasoline station. Zoning ordinance of the city of Cranston, chap. 28, sec. 6 A 4. It is undisputed that an ordinance regulating the erection and maintenance of gasoline filling stations does not abrogate the general zoning ordinance. It is clear, therefore, that petitioner is seeking to use its land for a lawful purpose.

In *Tillotson* v. *City Council*, 61 R. I. 293, 295, this court stated: "The petitioner is entitled to the beneficial use of her land for any lawful purpose, subject to reasonable regulation by the city in the exercise of the police power. But such regulation, if it is to withstand possible attack on the ground of unconstitutionality, must be in accordance with some proper rule or standard, which must be applied alike to all persons similarly situated."

There can be no doubt that under the provisions of P. L. 1929, chap. 1455, and sec. 94.2 (h) of the ordinance the committee on building of the city council has authority to fix the definite location of the gasoline station on petitioner's land and to "impose such conditions as it may deem best to preserve the health and physical comfort of the portion of the public residing or being about or near such location or the public generally." Under the statute and ordinance there is implicit power in the building committee to deny the permit if the applicant fails to comply with such conditions. The language of the pertinent statute and ordinance is unambiguous, and we find nothing therein which either expressly or by inference vests power in the

city council to deny such application for the reasons advanced by it.

In our opinion, petitioner has a right, under the provisions of chap. 1455, *supra,* and the pertinent ordinance, to a permit to erect a gasoline station, subject only to the power of the committee on building, or the city council on appeal, to fix a definite location on petitioner's land and to grant the permit with such conditions as the committee on building, or the city council on appeal, "may deem best to preserve the health and physical comfort of the portion of the public residing or being about or near such location or the public generally." Permission to make such use of one's land cannot be arbitrarily withheld.

The record before us fails to disclose any lawful reason why the city council should not have reversed the action of its committee on building, fixed a definite location for the station, and then, in accordance with the provisions of the enabling act and the ordinance, have granted the permit under such reasonable conditions, as it deemed best, to comply with the standards set out in the statute and ordinance. Therefore it is our opinion that the city council in the circumstances here exceeded its jurisdiction. *Aldee Corp.* v. *Flynn,* 72 R. I. 199, 203.

The petition for certiorari is granted, and the vote of the city council approving the decision of the committee on building of the city council is quashed. The record as thus quashed will leave petitioner's application pending before the city council to be considered by it *de novo* in accordance with this opinion.

*Francis Castrovillari, Anthony A. Giannini,* for petitioner.

*Frank W. Golemba,* City Solicitor, *James Di Prete, Jr.,* Assistant City Solicitor, for respondent.