RHODE ISLAND REFINING CORP. *vs.* TOWN COUNCIL OF THE
TOWN OF TIVERTON.

DECEMBER 30, 1960.

PRESENT: Condon, C.J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a petition for a writ of certiorari to review the action of the town council of the town of Tiverton denying the petitioner's application for a permit to use certain tanks for the storage of petroleum products for commercial purposes. The writ was issued and pursuant thereto the pertinent records have been certified to this court.

It appears from such records that in 1956 the council granted an application by petitioner for permits to store petroleum products and to construct storage facilities having a capacity of over two and one-half million barrels. The permits were, however, granted upon the express condition that the tanks to be constructed thereunder would be used in conjunction with a refinery which petitioner apparently stated it planned to erect. Acting under said permits petitioner erected and constructed a pier, dock, loading rack, pipe lines and eight storage tanks having a total capacity of 450,000 barrels.

The petitioner alleges that sometime thereafter certain circumstances intervened to prevent it from erecting a refinery and that consequently it could not utilize the 1956 permits since it could not fulfill the condition upon which they were issued. For that reason petitioner on May 16, 1960 surrendered the 1956 permits to the council. On the same day it filed the instant application seeking a permit to store petroleum products for commercial purposes for a total capacity of 450,000 barrels in the eight tanks which it had built under the 1956 permits.

Thereafter the council, acting as a licensing board, held a hearing on said application. The petitioner presented evidence to the effect that it had complied completely with all of the requirements of the pertinent ordinance and that, in fact, the facilities in question had been erected under

permits issued by the council. It also stated that it would meet every requirement of the ordinances with respect to the question of safety. Several persons spoke in opposition to the granting of the application.

After the hearing the council entered a decision denying the application. It stated therein that it had considered the statements of all who had appeared at the hearing. It concluded by stating that in its opinion it was in the best interests of the town and of the townspeople that the application in question be denied.

The petitioner contends that the council exceeded its jurisdiction and acted arbitrarily and unlawfully in denying its application. After carefully examining the entire record we are compelled to agree with its contention.

The instant application was filed under the provisions of an ordinance adopted in 1936 entitled "An Ordinance Governing The Construction, Use And Maintenance Of Tanks And Containers For The Storage Of Petroleum, Kerosene, Gasoline, Coal, Oil, Fuel Oil And Their Products Compounds Or Components." The ordinance recites that it was enacted under the authority of public laws 1930, chapter 1679. In its brief the council argues that P. L. 1953, chap. 3233 (now general laws 1956, §23-36-1), is the enabling act on which said ordinance is presently based. For the purposes of this case it makes no difference which act applies inasmuch as both acts authorize the town council to regulate the storage of petroleum products and both acts, in our opinion, establish safety as the standard to be used by the council in enacting ordinances regulating such storage.

Section 1 of the ordinance provides that no person shall locate, construct, reconstruct, erect, alter or change any tank or container for the storage of petroleum products, their compounds or components, except for use in the household on the premises, "unless an application for a permit shall be first made and a permit obtained from the Town Coun-

cil as herein provided." The ordinance prescribes in great detail the building standards, requirements and specifications for the construction of tanks and other facilities for the storage of petroleum products. It provides that all applications for permits be accompanied by complete sets of plans and specifications showing compliance with all the requirements of said ordinance.

As we have already indicated, the tanks and facilities in question were admittedly erected under permits granted by the council in 1956 under the provisions of the same ordinance. It is reasonable to assume therefore that they were properly erected in compliance with the requirements of said ordinance. There is nothing in the record to the contrary. It is true that several persons spoke in opposition to the granting of the application, but a careful reading of the transcript shows that, except for certain statements made by the chief of the fire department, their objections were not based on legal grounds.

The council did not give any specific reason for its ultimate conclusion that it was for the best interests of the town and the townspeople to deny the application. We are satisfied that it was not influenced in its action by the statement of the chief of the fire department that the dikes around two of the tanks were inadequate, but even if we assume that its action in denying the application out of hand without giving petitioner notice of the reason for such denial was based on such statement, it would be an arbitrary and unlawful exercise of its authority. Moreover, even if its conclusion is construed as a finding that its denial of the application was based on safety factors, we would be compelled to hold that there is no evidence in the record to support such a finding.

Under the ordinance in question the town council is vested with authority to regulate the storage of petroleum products. It can establish reasonable regulations and limitations to promote safety. In the absence of zoning restric-

tions proof of compliance with the requirements of the ordinance entitles an applicant to a permit as a matter of right. *Messier* v. *City Council,* 90 R. I. 127, 155 A.2d 609; *MC. and S. Realty, Inc.* v. *City Council,* 88 R. I. 138, 144 A.2d 112.

In our opinion the council's denial of petitioner's application was not based on safety factors and it therefore clearly exceeded its jurisdiction. See *Aldee Corp.* v. *Flynn,* 72 R. I. 199. The reasoning in the *Messier* and *MC. and S. Realty, Inc.* cases, *supra,* applies with equal force to the case at bar notwithstanding the fact that the instant case involves the storage of large quantities of petroleum products. It is reasonable to assume that in enacting such ordinances the council provided the necessary safeguards to promote safety as it unquestionably had the power to do.

We might point out in passing that although the council's power in these matters is not absolute or without limit, it is vested with ample power to protect the safety of the town and its inhabitants. Under section 11 of the ordinance it is vested with power to enact additional safety regulations from time to time and to revoke permits in appropriate proceedings if the safety factors warrant such action. But, as we have already stated, it does not have the power to deny such permits where there has been compliance with the safety requirements of the pertinent ordinance. In such circumstances the petitioner is entitled to the lawful use of its property.

The petition for certiorari is granted, and the action of the town council denying the application of the petitioner is quashed. The record as thus quashed will leave the petitioner's application pending before the town council to be considered by it in accordance with this opinion.

*Arcaro, Belilove & Kolodney, Samuel J. Kolodney,* for petitioner.

*Sheffield & Harvey, Richard B. Sheffield,* for respondent.