RHODE ISLAND REFINING CORP. *vs.* TOWN COUNCIL OF THE TOWN OF TIVERTON.

FEBRUARY 26, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is a petition for a writ of certiorari to review the action of the respondent town council in denying the petitioner's application for a permit to utilize certain tanks by it previously constructed for the storage of petroleum products. In compliance with the writ the pertinent records have been certified to this court.

The application was originally filed on May 16, 1960. It was duly advertised and a public hearing was held on June 16, 1960. Thereafter on August 6, 1960 the town council denied the application stating in its decision that such action was in the best interests of the town.

From this denial petitioner procured a writ of certiorari which was heard by this court and a decision rendered on December 30, 1960. *Rhode Island Refining Corp.* v. *Town Council*, 92 R. I. 88. Therein the court stated at page 92: "The petition for certiorari is granted, and the action of the town council denying the application of the petitioner is quashed. The record as thus quashed will leave the petitioner's application pending before the town council to be considered by it in accordance with this opinion."

Since no further action was taken by the town council, this court on March 13, 1961 issued its writ of mandamus commanding the town council at its next regular meeting "to consider the petitioner's application for a permit on the record as made before said Town Council at the original hearing on said application." On April 1, 1961 the town council voted that the application of petitioner for a petroleum storage license be denied. The petitioner thereupon on May 31, 1961 filed the instant petition for a writ of certiorari praying that the action of the town council be reviewed and the decision filed pursuant to the vote of April 1, 1961 be quashed.

In reality it is simply seeking permission to use the tanks already constructed. These tanks with a total capacity of 450,000 barrels have now been built several years and annual licenses for their use have heretofore been issued.

The last request of petitioner for a permit to use these tanks for the storage of petroleum products has been denied by the town council and the question which now arises from such denial is whether in view of the previous grants of licenses for the same tanks the town council is justified in taking its present position.

In the council's decision reference is made to the fact that there must be a compliance with the terms of the town's ordinance covering the construction of tanks for the storage of gasoline and it points out that the drawings filed do not indicate the construction of the bottoms, roofs, inlets and outlets of the tanks, also that the drawings do not show the nearest building in relation to the location of each tank. It also points out that the town ordinance requires that the tanks when constructed shall meet the requirements of the American Petroleum Institute Specifications, and of the Welding Society, and also comply with any rules and regulations established by this state.

The decision also states that a representative of John G. Simmonds & Co., Inc. testified that the tanks were erected in accordance with the requirements of American Petroleum Institute but later on this same representative stated that he did not wish to be considered an expert. It also appears in the decision that there was competent evidence to the effect that the dike containing tanks numbered 4 to 9 had the capacity of only 123,750 barrels as against the required capacity of 150,000 barrels; that there is an absence of evidence to support a finding that the installation of the tanks complies with the requirements of the Welding Society as incorporated in "Rules for Field Welding of Storage Tanks"; and that there is no evidence of compliance with

the "Regulations of the State of Rhode Island Relating to Storage of Flammible [sic] Liquids at Bulk Plants and Service Stations" promulgated September 15, 1952.

The council's decision also points out that tanks Nos. 1 and 2 were built in part on filled land and that, while the plan submitted indicates some compaction was done, there is no detail concerning it nor is there sufficient detail for the council to determine the adequacy of the foundation.

The council concludes its decision by saying that "this Council finds that compliance with all the provisions of the ordinance has not been shown, and, therefore, for the reasons stated the petition of the Rhode Island Refining Corp., filed on May 16, 1960, is denied."

In passing on the objections now raised by the town council it must be remembered that licenses have been heretofore granted by it for the use of these very same eight tanks. However, the element of safety to the community is all important and for that reason consideration should be given to the objections now raised. The requirements necessary to overcome such objections are now specific and if the petitioner herein is in a position to meet them satisfactorily it will then be possible for it to again seek from the town a license for permission to make use of its tanks.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified pursuant thereto are ordered returned to the respondent with our decision endorsed thereon.

POWERS, J., dissenting. I am unable to agree with the majority because of what I consider falls within the implied scope of our decision in *Rhode Island Refining Corp.* v. *Town Council*, 92 R. I. 88, 166 A.2d 707, and for that reason I dissent.

PAOLINO, J., concurs in the dissenting opinion of Mr. Justice Powers.

*Arcaro, Belilove & Kolodney, Samuel J. Kolodney,* for petitioner.

*Sheffield & Harvey, Richard B. Sheffield,* for respondent.